**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Solis, | No. CV-18-02353-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Movers and Storage Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for alternative service as to Defendant Hashem Abouzeid and a motion for attorney's fees. (Doc. 17).[1] Plaintiff offers evidence that Defendant Abouzeid has been evading service. (*Id.*). As a result, Plaintiff seeks alternative service as permitted under the Arizona Rules of Civil Procedure (which is permitted under the Federal Rules). (*Id*. at 2-3). Specifically, Federal Rule of Civil Procedural 4(e)(1) says, "an individual… may be served…by: (1) following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located…."

Plaintiff never cites which Rule of the Arizona Rules of Civil Procedure she seeks to use for alternative service. However, she does cite to an opinion of the Arizona Court of Appeals dealing with service by publication to state she is *not* seeking service by publication. (*Id*.).

The Arizona Rules of Civil Procedure permit service by publication in certain

---
[1] There is another motion for attorney's fees pending (Doc. 12) which is not being addressed by this Order.

circumstances. Specifically, Arizona Rule of Civil Procedure 4.1(l) states:

> (l) Service by Publication.
>
> (1) *Generally*. A party may serve a person by publication only if:
>
> (A) the last-known address of the person to be served us within Arizona but:
>
> (i) the serving party, despite reasonably diligent efforts, had been unable to ascertain the person's current address; or
>
> (ii) the person to be served has intentionally avoided service of process; and
>
> (B) service by publication is the best means practicable in the circumstance for providing the person with notice of the action's commencement.

Ariz. R. Civ. P. 4.1(l). The Rule then goes on to explain how a plaintiff must accomplish service by publication.

Under Arizona law, a plaintiff does not need, and should not seek, advance permission to serve by publication. *Ritchie v. Salvatore Gatto Partners*, 222 P.3d 920, 923 n.4 (Ariz. Ct. App. 2010) ("The decision whether to pursue personal service or service by publication is that of the plaintiff, not the court [and] [b]ecause the court does not preauthorize service by publication, the determination whether publication constitutes adequate service is made later in the case.").

In this case, however, Plaintiff seeks alternative service not by publication, but by social media and by mailing a copy counsel for Defendant Abouzeid in another matter. (Doc. 17 at 4). Plaintiff obtains this idea from *Ruffino v. Lokosky*, 425 P.3d 1108, 1113 ¶16 (Ariz. Ct. App. 2018), which held: "Given our present society, we agree with the superior court that modern methods of communication, especially email, were more likely to give [Defendant] notice of a suit than publication in a newspaper distributed in a rural area 70 miles from [Defendant's] Scottsdale home." Thus, in *Ruffino*, the Arizona Court of Appeals set aside a default judgment when service was by publication under Arizona Rule of Civil Procedure 4.1(1)(B), finding that publication was not the "best"

means for providing notice.

In its opinion, the Arizona Court of Appeals cited Arizona Rule of Civil Procedure 5(c)(2)(D) and said:

> Availability of alternative means of service is a factor a court must consider when determining if publication was the best means practicable, and a plaintiff serving by publication should be prepared to explain why alternative service would be impracticable. Here, however, [Plaintiff] did not move for leave to serve [Defendant] by electronic means, *see* Ariz. R. Civ. P. 5(c)(2)(D), …

*Ruffino*, 425 P.3d at 1113 ¶17.

This Court has pondered the citation to Arizona Rule of Civil Procedure 5(c)(2)(D). The title of Section 5(c)(2)(D) of the Arizona Rules of Civil Procedure is "(c) Service *After Appearance*; Service *After Judgment*; How Made." (emphasis added). In *Ruffino*, initial service is at issue, thus, this Court is unclear how service after appearance or judgment is relevant to accomplishing initial service. However, the Court notes, that Arizona Rule of Civil Procedure 4.1(k) provides for "Alternative Means of Service" other than publication, which is perhaps what the Court is referencing.

Specifically, Arizona Rule of Civil Procedure 4.1(k) provides,

> (1) *Generally*. If a party shows that the means of service provided in Rule 4.1(c) through 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner.
>
> (2) *Notice and Mailing*. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.
>
> (3) *Service by Publication*. A party may serve by publication only if the requirements of Rule 4.1(l), 4.1(m). 4.1(f), or 4.2(g) are met and the procedures provided in those rules are followed.

Here, Plaintiff concludes that under *Ruffino*'s interpretation of when publication is the best means of giving notice, publication would not be the best means in this case. (Doc. 17). Thus, Plaintiff is not seeking to serve by publication. Instead, as stated above, Plaintiff is seeking to serve by social media and by sending notice to known counsel for

Defendant Abouzeid in another case. (*Id.* at 3-4). To the extent the goal of alternative service is to give actual notice to the defendant of a lawsuit, giving notice to known counsel for that defendant from another case does seem superior to publication.

Thus, this Court finds that Plaintiff is seeking to serve under Arizona Rule of Civil Procedure 4.1(k), although Plaintiff never actually cites this Rule. Accordingly, this Court must first determine whether alternative service is justified because Plaintiff has shown that personal service is "impracticable." "There are no Arizona cases interpreting the meaning of 'impracticable' as that term is used in the rule." *Blair v. Burgener*, 245 P.3d 898, 902 ¶12 (Ariz. Ct. App. 2010). In *Blair*, the Court concluded that Plaintiff attempting service at Defendant's residence and business on five different days at various times, and also going to the office seven days to see if Defendant was present was adequate to affirm the trial court's conclusion that personal service was impracticable. *Id.* at 904 ¶18.

In this case, Plaintiff mailed a waiver to Mr. Abouzeid (the Court does not know at what address) and the waiver was not returned. (Doc. 17 at 2). Plaintiff then attempted service on Defendant Hashem Abouzeid at a place of business on five unsuccessful occasions. (Doc. 17-7 at 3). The declaration of the process server also states that she was unable to location a home address for Mr. Abouzeid. (*Id.*) The declaration does not specify what efforts were made to locate a home address.

Assuming the Court finds that personal service is impracticable, the Court then has to find that the alternative service is sought comports with due process. *See Blair*, 245 P.3d at 904-05 ¶20 (noting that "Rule 4.1[k] provides that when alternate means of service of process are employed, 'reasonable efforts shall be undertaken by the party making service to assure that actual notice of the commencement of the action is provided to the person to be served,' and the service of process 'shall be mailed to the last known business or residential address of the person to be served.' These two requirements ensure that a defendant's due process rights have been satisfied."); *see also Master Fin., Inc. v. Woodburn*, 90 P.3d 1236, 1239 (Ariz. Ct. App. 2004), *as*

*amended* (June 7, 2004) (providing an extensive history of why service by publication satisfies the requirements of due process).

On this record, the Court finds Plaintiff has not met her burden of showing that alternative service under Arizona Rule of Civil Procedure 4.1(k) is appropriate. First, the Court cannot determine whether service is impracticable because the Court does not know what efforts have been made to locate Defendant Abouzeid's residence. Further, although the process server claims to have attempted service at Defendant Abouzeid's place of employment, she also says that the location was vacant on at least one occasion, which seems unlikely to be a place of employment.

Additionally, with regard to due process concerns, Plaintiff makes no argument why her proposed alternative comports with due process. The Court is particularly concerned because the Arizona Court of Appeals in *Blair* specifically held that mailing a copy of the summons and complaint to the last known home address or business address was needed to comply with due process, yet Plaintiff seems to not have a home address for Defendant Abouzeid and the business is vacant. Further, Plaintiff intends to serve via the social media of a business, not the actual individual to be served. (Doc. 17- at 4).

Accordingly, on this record, Plaintiff has not shown alternative service is appropriate and the request will be denied, without prejudice.

Also pending in this motion is a request for attorney's fees against seemingly all Defendants. Defendant Hassan opposes this request to the extent it could be construed as applying to him. As to Defendant Abouzeid (who has not been served) and Defendant Arizona Movers and Storage, Inc., the request is conflated into a single request as if they are a single entity. The Court finds that this request is inadequate to determine liability, if any, as to each Defendant; and, as to Defendants who have not yet appeared or been served, premature. Further, any future motion for attorney's fees must be a free-standing motion, not a request embedded in another motion. Thus, the motion for attorney's fee will be denied, without prejudice. *See* L.R.Civ. 54.2.

Thus, based on the foregoing,

**IT IS ORDERED** that the motion for alternative service and motion for attorney's fees (Doc. 17) are both denied without prejudice.

Dated this 22nd day of October, 2018.

James A. Teilborg
Senior United States District Judge