**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Solis, | No. CV-18-02353-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Movers and Storage Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for extension of time to serve Defendant Hashem Abouzeid. (Doc. 22). Two fact-based tests control when this Court either must, or may, permit an extension of time to serve. *See Trueman v. Johnson*, 2011 WL 6721327. In her motion, Plaintiff neither cites, nor applies, either test.

> There are "two avenues for relief[ ]" under Rule 4(m). *Lemoge v. United States,* 587 F.3d 1188, 1198 (9th Cir.2009). "The first is mandatory[.]" *Id.* (citation and footnote omitted). Based upon the plain language of that Rule, "the district court must extend time for service upon a showing of good cause." *Id.* (citation and footnote omitted). "The second is discretionary [.]" *Id.* (citation omitted). Notwithstanding Rule 4(m), "if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* (citation omitted).
> Engaging in the "two-step analysis" which the Ninth Circuit "requires[,]" the court will first consider whether on this record there is good cause, thus mandating an extension of time for service under Rule 4(m). *See In re Sheehan,* 253 F.3d at 512. Courts must determine whether good cause "has been shown on a case by case basis." *Id.* (citation omitted).
> ***I. Mandatory Extension of Time***
> "Good cause to avoid dismissal may be demonstrated by establishing, *at minimum,* excusable neglect." *Lemoge,* 587 F.3d at 1198, n. 3 (citation omitted) (emphasis added). For the moment, the court will assume *arguendo* the existence of excusable neglect. Based upon that assumption, now it will address the other factors "a plaintiff may be required to show ... to bring the excuse to the level of good cause:

> (1) the party to be served personally received actual notice of the lawsuit; ([2]) the defendant would suffer no prejudice; and ([3]) plaintiff would be severely prejudiced if his complaint were dismissed.

*Lemoge,* 587 F.3d at 1198.

...

### *II. Discretionary Extension of Time to Serve*

In the absence of good cause, the court must proceed to the second step of the analysis, and decide whether, in its discretion, to extend the prescribed time for service of the FAC. "The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)[,]" noting "that, under the terms of the rule, the court's discretion is broad ." *Gill v. Waikiki Lanai, Inc.,* 2011 WL 3648772, at *7 (D.Hawai'i Aug.18, 2011) (quoting *In re Sheehan,* 253 F.3d at 513 (citation omitted)). In part, that broad discretion derives from the fact that Rule 4(m)'s [90]–day time frame for service "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States,* 517 U.S. 654, 661, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) (internal quotation marks and citation omitted). "On its face, Rule 4(m) does not tie the hands of the district court after the [90]–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that [90]–day period." *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir.2007) (quoting *Mann v. Am. Airlines,* 324 F.3d 1088, 1090 (9th Cir.2003) (emphasis added by *Mann* court)).

A court's discretion under Rule 4(m) is not "limitless[,]" however. *Id.* It must be predicated upon a finding of excusable neglect. *See Lemoge,* 587 F.3d at 1197 (citation omitted) (emphasis added) ("[I]f good cause is not established, the district court *may* extend time for service upon a *showing* of *excusable neglect."* ). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test[ ]" based upon *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); and *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997). *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1261 (9th Cir.2010) (citations omitted). *Pioneer* involved excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b), and *Briones* involved a Rule 60(b) motion for relief from judgment. The Ninth Circuit applies the *Pioneer/Briones* factors in a variety of contexts, though, including in deciding whether excusable neglect has been shown under Rule 4(m). *See Lemoge,* 587 F.3d at 1198.

That four factor equitable test requires, at a minimum, examination of: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian,* 624 F.3d at 1261 (citations omitted). Those four enumerated factors are "not an exclusive list[,]" however. *Lemoge,* 587 F.3d at 1195 (internal quotation marks and citation omitted). "In some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." *S.E.C. v. Platforms Wireless Int'l Corp.,* 617 F.3d 1072, 1092 (9th Cir.2010) (internal quotation marks and citation omitted). Thus, "what sorts of neglect will be considered 'excusable' ... is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer,* 507 U.S. at 395.

Mindful that "a district court abuses its discretion if it does not consider each of the four *Pioneer* factors separately[,]" *PLU Investments,* 2011 WL 1376192, at *2 (citing, *inter alia, Ahanchian,* 624 F.3d at 1261), this court

will proceed in exactly that way. In so doing, the court is keenly aware that while "balancing the *Pioneer/Briones* factors[,]" it "may not apply per se rules." *See Ahanchian,* 624 F.3d at 1261 (citation omitted).

*Trueman*, No. CIV 09-2179-PHX-RCB, 2011 WL 6721327, at *3–6.

Plaintiff's motion, in its entity, states:

> Pursuant to the Court's Order (Dkt. 6) and F.R.Civ.P. 4(m), good cause exists to support this motion. Plaintiff requests the extension as the process server has tried five times to serve Defendant Hashem Abouzeid (Dkt. 17-7, Exhibit F). Plaintiff plans to serve Defendant Hashem Abouzeid through alternative means of service but needs more time.

(Doc. 22 at 1).

Because the foregoing is not enough information for the Court to apply either Ninth Circuit test,

**IT IS ORDERED** that the motion for extension of time (Doc. 22) is denied without prejudice.

Dated this 24th day of October, 2018.

_____
James A. Teilborg
Senior United States District Judge