**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Solis,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Movers and Storage Incorporated, et al.,<br><br>    Defendants. | No. CV-18-02353-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Karla Solis' ("Plaintiff") Motion for Attorneys' Fees and Costs Pursuant to Federal Rule of Civil Procedure 4(d)(2). (Doc. 12). Defendant Hossam Hassan ("Defendant Hassan") has filed a response to Plaintiff's motion. (Doc. 19). The Court now rules on the motion.

**I. BACKGROUND**

The facts related to this motion are in dispute. Plaintiff's counsel declares that, on August 8, 2018, a Notice of Lawsuit and Request to Waive Service of Summons—in addition to other documentation—was "mailed certified to Hossam Hassan." (Doc. 12-2 ¶ 3). Plaintiff further declares that Defendant Hassan did not mail back and waive service of process by September 8, 2018, and was consequently served by a process server on September 18, 2018. (*Id.* ¶ 5–6).

Defendant Hassan, however, declares that the documents in question were never received. (Doc. 19). Defendant Hassan further declares that notice of the motion in question was only provided through a review of the Court docket. (*Id.*). Defendant

Hassan notes that Plaintiff "failed to identify the address to which the documents were mailed or provide any evidence that such documents were actually delivered to [Defendant] Hassan." (*Id.*) Defendant Hassan, on this point, is correct. Despite including numerous attachments to the Motion for Attorneys' Fees, Plaintiff includes no evidence indicating where the waiver was mailed. (*See* Doc. 12-2, Doc. 12-3, Doc. 12-4, Doc. 12-5, Doc. 12-6). Additionally, Plaintiff includes no evidence which would indicate that the mailing was either delivered or returned, despite declaring that the waiver was mailed via certified mail. (Doc. 12 ¶ 2, Doc. 12-2 ¶ 3).

Furthermore, evidence exists in the record which would seem to indicate that the address which Plaintiff may have used to serve Defendant Hassan was incorrect. On September 12, 2018, a process server indicated that they attempted to serve Defendant Hassan with a summons at an address in Tempe, Arizona. (Doc. 11). The process server further indicated that this service was unsuccessful, and that Defendant Hassan had moved from the address in question. (*Id.*) The process server subsequently, and successfully, served Hassan at the address for Arizona Movers and Storage, Inc., in Phoenix, Arizona. (*Id.*)

**II.    LEGAL STANDARD**

The Federal Rules of Civil Procedure ("Rule 4") allow a plaintiff to notify a defendant that an action has been commenced and request that the defendant waive service of summons. Fed. R. Civ. P. 4(d)(1). If such a defendant fails, without good cause, to waive service, the court may require that said defendant pay for reasonable expenses incurred in making service and drafting motions required to collect those expenses. *Id.* at 4(d)(2). The burden to show good cause for failing to waive service falls on the defendant. *Rollin v. Cook*, 466 Fed. App'x 665, 667 (9th Cir. 2012).

Rule 4 does not include a definition for "good cause," but the Ninth Circuit has identified that good cause, as it relates to Rule 4, should be determined on a case-by-case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In

identifying the presence of excusable neglect, the court may examine four factors: (1) danger of prejudice to the opposing party; (2) length of delay and impact of the delay on the proceedings; (3) the reason for said delay; and (4) whether the movant acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

Furthermore, district courts in the Ninth Circuit have noted that "[t]here is good cause for failing to waive service if the defendant never received the request for waiver of service." *Levingston v. Piburn*, No. CV-09-8138-PCT-LOA, 2010 WL 2367206, at *1 (D. Ariz. June 10, 2010); *see also* Fed. R. Civ. P. 4 advisory committee's notes to 1993 amendment (contemplating that good cause exists where "the defendant did not receive the request").

## III. DISCUSSION

In this case, the record is unclear as to where, specifically, Plaintiff mailed notice of the lawsuit and the request for waiver of service. If, as it appears from other documents in the record, Plaintiff incorrectly mailed these documents to an address at which Defendant Hassan no longer lived, Defendant Hassan cannot reasonably be expected to have received notice of the documents.

Turning to the application of the *Lemoge* factors to the present case, Plaintiff would not be unfairly prejudiced if Defendant were granted relief; in fact, requiring Defendant to pay a fee for service due to Plaintiff's addressing error would be unfair to Defendant. Furthermore, the length of the delay and the reason for the delay were both reasonable under the circumstances—if Defendant never received the waiver, it defies logic to expect that Defendant would ever return said waiver. Finally, absent evidence of any bad faith on the part of Defendant (or evidence that the waiver of service was, in fact, received by Defendant at the address where it was sent), the Court finds that Defendant acted in good faith. As such, Defendant has met the standard for good cause, is it relates to Rule 4, in this case.

Thus, never receiving the request for waiver of service constitutes sufficient cause

1 for Defendant Hassan failing to return said waiver. Without receipt of the waiver as required under Rule 4, it cannot be concluded that Defendant Hassan was offered an opportunity to waive service. Absent evidence that Plaintiff mailed the waiver to an address where Defendant Hassan would receive it, Defendant Hassan is not required to reimburse Plaintiff for the expenditures related to service.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Federal Rule of Civil Procedure 4(d)(2) (Doc. 12) is **DENIED**.

Dated this 15th day of November, 2018.

James A. Teilborg
Senior United States District Judge