**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Solis,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Arizona Movers and Storage Incorporated, et al.,<br><br>　　　　Defendants. | No. CV-18-02353-PHX-JAT<br><br>**ORDER** |

On February 4, 2019, Plaintiff filed an amended complaint (Doc. 46) against the following Defendants:

1. Arizona Movers and Storage, Inc.,
2. Elite Movers USA, LLC,
3. Class Movers & Storage, Inc.
4. Hashem Abouzeid,
5. Hossam Hassan, and
6. Mohamed Mahmoud Hassan.

In this Order, the Court will attempt to determine the status of this case as to each Defendant.

**Service**

　　**1.　Arizona Movers and Storage, Inc.**

The amended complaint was purportedly served on Arizona Movers and Storage, Inc. (Doc. 60). Thereafter Plaintiff sought entry default against this Defendant. (Doc. 62).

The purported service "served" this Defendant by serving the corporation commission. (Doc. 60). Arizona Rule of Civil Procedure 4.1(j) (which may be used under the Federal Rules as stated in Federal Rule of Civil Procedure 4(e)(1)), permits this type of service if no officer or agent of a domestic corporation is found in Arizona. Ariz. R. Civ. Pro. 4.1(j)(1). On this record, there is no evidence that no officer or agent of Arizona Movers and Storage, Inc. is in Arizona. Further, Plaintiff has not submitted the prima facie evidence permitting this type of service. Ariz. R. Civ. Pro. 4.1(j)(2). Finally, the proof of service does not indicate two copies were served, as is required by the Rule. Therefore, on this record, service is not complete and default will not be entered.

### 2. Elite Movers USA, LLC

The amended complaint was purportedly service on Elite Movers USA, LLC. (Doc. 58) at 4822 S. 40th Street, Phoenix, Arizona. The note on the proof of service states, "This was a drop service. He said he is not Mohamed Mahmoud Hassan, and refused to accept the documents. He threw them into my car as I was leaving, so I dropped them on the ground and told him again that I believed him to be Mohamed and that he was served." (*Id*. at 2).

Notwithstanding this irregularity with purported service, Elite Movers USA, LLC purported to answer. (Doc. 61). However, a limited liability company, like a corporation, can only appear in federal court through licensed counsel. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973-74 (9th Cir. 2004). No one, lawyer or otherwise, signed the answer, so it is likely invalid. But, at this point it has not been stricken.

Further, this "answer" (Doc. 61) does not include contact information for any of the three Defendants on whose behalf it purports to be filed. In an attempt to communicate with Defendants, the Court will add the address on the purported proof of service to the docket for each of the three Defendants listed in Doc. 61. However, the Court is unclear if this will be effective due to the irregularity in service listed above.

Despite all of the foregoing, Plaintiff has moved for entry of default against Elite Movers USA, LLC. (Doc. 62). Because this Defendant has answered, and that answer has

not been stricken, default will not be entered.

  **3. Class Movers & Storage, Inc.**

  The amended complaint was purportedly served on Defendant Class Movers & Storage, Inc. (Doc. 59). This attempted service was at the same address as Elite Movers USA, LLC and contains the same note as Elite Movers USA, LLC, namely: "This was a drop service. He said he is not Mohamed Mahmoud Hassan, and refused to accept the documents. He threw them into my car as I was leaving, so I dropped them on the ground and told him again that I believed him to be Mohamed and that he was served." (*Id*. at 2).

  Notwithstanding this irregularity with purported service, Class Movers & Storage, Inc. purported to answer. (Doc. 61). However, a corporation can only appear in federal court through licensed counsel. *D-Beam Ltd. P'ship,* 366 F.3d at 973-74. No one, lawyer or otherwise, signed the answer, so it is likely invalid. But, at this point it has not been stricken.

  Further, as discussed above this "answer" (Doc. 61) does not include contact information for any of the three Defendants on whose behalf it purports to be filed. As indicated above, in an attempt to communicate with Defendants, the Court will add the address on the purported proof of service to the docket for each of the three Defendants listed in Doc. 61. However, the Court is unclear if this will be effective due to the irregularity in service listed above.

  Despite all of the foregoing, Plaintiff has moved for entry of default against Class Movers & Storage, Inc. (Doc. 62). Because this Defendant has answered, and that answer has not been stricken, default will not be entered.

  **4. Hashem Abouzeid**

  The Court has not located any evidence that the amended complaint has been served on Hashem Abouzeid. Consistent with Doc. 45, Hashem Abouzeid will be dismissed if he was not served within 60 days of January 30, 2019. Any proof of service must be filed within seven days.

**5. Hossam Hassan**

Hossam Hassan answered the original complaint at Doc. 13. Thereafter his attorney withdrew and he is now proceeding pro se. The amended complaint, Doc. 46, does not contain a certificate of service indicating it was sent to Hossam Hassan, pro se.

However, Plaintiff did file a "new" proof of service for Defendant Hossam Hassan. (Doc. 56). Re-serving via a process server is not the method in the Federal Rules of Civil Procedure for serving someone who has appeared. *See* Federal Rule of Civil Procedure 5. Moreover, this Defendant's address listed on the summon is 1841 E. Gemini Dr., Tempe, AZ 85283. But the summons was served at 4822 S. 40th St., Phoenix, AZ. Hossam Hassan's address of record listed with the Court is 1221 S. Wagon Wheel Dr., Chandler, AZ 85286.

Plaintiff seeks entry of default against Hossam Hassan. (Doc. 62). Doc. 56 suggests Hossam Hassan was personally located and served at 4822 S. 40th St, Phoenix Arizona. This arguably complies was Federal Rule of Civil Procedure 5(b)(2)(A) ("handing it to the person") assuming the process server located Hossam Hassan personally at this address. Nonetheless, because re-service by a process server, not at Hossam Hassan's address of record, may have caused confusion to this pro se defendant, default will not be entered. Hossam Hassan will be given an extension of time to answer the amended complaint.

**6. Mohamed Mahmoud Hassan**

Mohamed Mahmoud Hassan was purportedly served with the amended complaint. (Doc. 57). This proof of service does not contain any notes about Mohamed Mahmoud Hassan refusing service and denying his identity, which is suspicious because "he" is the very person who on the same date, at the same address, denied his identity for purposes of service on Class Movers & Storage, Inc. and Elite Movers USA, LLC.

Nonetheless Mohamed Mahmoud Hassan answered (as noted above, no one signed this answer, and it does not include any contact information). (Doc. 62). As indicated above, the Court will add the address in the proof of service as it did for Class Movers &

Storage, Inc. and Elite Movers USA, LLC.

**Counsel**

Counsel for Plaintiff, Michael Zoldan and Jason Barrat of Zoldan Law Group LLC, are becoming well known to this Court. They have repeatedly filed motions seeking relief to which they are not entitled, forcing this Court to act as either their professor or their law clerk to explain why the relief is unavailable. The Court is unclear if this abuse of the system is due to a lack of understanding of procedures or an actual effort to obtain relief to which they know they are not entitled. The Court deems either scenario to be vexatious.

Specifically, the Court has had to issue Orders as follows: (1) CV 18-2353, Doc. 21 (explaining alternative service and denying attorney's fees to which Plaintiff was not entitled); (2) CV 18-2353, Doc. 23 (explaining the test for seeking an extension of time to serve); (3) CV 18-2353, Doc. 27 (denying attorney's fees to which Plaintiff was not entitled); (4) CV 18-2353, Doc. 39 (explaining partial default judgments); (5) CV 18-2353, Doc. 45 (explaining setting aside default); (6) CV 18-2796, Doc. 33 (explaining partial default judgments); (7) CV 18-2796 (explaining collections under Federal Rule of Civil Procedure 69); and (8) this Order explaining service of process on a corporation under the Arizona Rules of Civil Procedure and denying entry of default as to Defendants who have answered.

The Court finds the volume of unsupported and/or baseless motions filed by counsel have unnecessarily and unreasonably multiplied the proceedings in these cases in a vexatious manner. *See* 28 U.S.C. § 1927. However, for sanctions to enter, the Court must make a finding of recklessness or bad faith. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) ("recklessness suffices for § 1927, but bad faith is required for sanctions under the court's inherent power"). Thus, counsel will be required to appear and show cause as to whether sanctions should enter.

**Conclusion**

For the reasons stated above,

**IT IS ORDERED** that the application for entry of default (Doc. 62) is denied,

without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff must send Defendant Hossam Hassan a copy of the amended complaint at his address of record within one business day. Defendant Hossam Hassan is cautioned that if he does not answer the amended complaint within 21 days of this Order, Plaintiff can seek default against him (in other words, his prior answer will not "count" as an answer to the amended complaint).

**IT IS FURTHER ORDERED** that on April 18, 2019 at 10:00 a.m. counsel Michael Zoldan and Jason Barrat shall appear and show cause why they should not be sanctioned pursuant to 28 U.S.C. § 1927. The Clerk of the Court shall send a copy of this Order to all pro se parties and counsel of record in CV 18-2796 in addition to this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of the scheduling order (Doc. 34) to all Defendants in this case. All Defendants are advised that they are bound by the deadlines in the scheduling order unless they seek and the Court grants an extension of time.

Dated this 4th day of April, 2019.

James A. Teilborg
Senior United States District Judge